IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EDWARD JUNIOR,                      :

       Plaintiff,               :

vs.                              :     CIVIL  ACTION 05-0166-CG-D

GREGORY OUTLAW, COI,         :

       Defendant.            :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  For the reasons stated below, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff's claim fails to state a claim upon which relief may be granted.

**I.  Complaint (Doc. 1).**

Plaintiff names as the sole defendant Gregory Outlaw, a correctional officer at Holman Correctional Facility ("Holman") in Atmore, Alabama.  (Doc. 1).  Plaintiff alleges that on January 25, 2005, Officer Outlaw was standing next to plaintiff's bed, holding a "spit can" above plaintiff's head.  (Id. at 3).  Plaintiff requested that defendant move the "spit can," so that it would not accidentally spill onto him.  (Id.).  Plaintiff then got out of bed and began walking across his cell to go to breakfast, at which point plaintiff alleges that defendant Outlaw assaulted him by kicking him twice on his bottom for no reason.[1]  (Id.).

---

[1]Plaintiff also notes that he is disabled and must use a walker.  (Doc. 1 at 4).

Plaintiff contends that he is suing because his Eighth Amendment right against cruel and unusual punishment and excessive force has been violated by this alleged kicking. For relief, plaintiff seeks injunctive and declaratory relief in the form of a suspension without pay for defendant Outlaw, as well as monetary damages in the amount of $100,000 from this officer. (Id. at 5).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing plaintiff's complaint under 28  U.S.C.  § 1915(e)(2)(B).[2]  Under § 1915(e)(2)(B)(ii), a claim may be dismissed for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Dismissal under  § 1915(e)(2)(B)(ii) can occur "at any time" if the court determines that the action fails to state a claim on which relief may be granted.

## III. Discussion.

In plaintiff's somewhat vague and generalized complaint, plaintiff is seeking damages for his contention that he was assaulted by Officer Outlaw on January 25, 2005, when defendant allegedly kicked plaintiff on the bottom two times.  (Doc. 1 at 4-5).  However, notably, plaintiff

---

[2] The predecessor to this section is 28 U.S.C. § 1915(d).  Although Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989), was unaltered.  See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044, 122 S. Ct. 624, 151 L. Ed. 2d 545 (2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  Bilal, 251 F.3d at 1348-49.

2

does not allege further that he was injured as a result of the assault.  (Id.).  "[I]n an Eighth

Amendment case, the plaintiff must show actual injury, whether it is compensable or not."

Oliver v. Falla, 258 F.3d 1277, 1282 (11th Cir. 2001) (citing Hudson v. McMillian, 503 U.S. 1, 9-

10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)).   It has further been held that in order for a

plaintiff to recover damages under the Eighth Amendment, more than simply de minimis injuries

must be shown.[3]  See Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S. Ct. 995, 1000-1001, 117 L.

Ed. 2d 156 (1992) ("The Eighth Amendment's prohibition of 'cruel and unusual' punishment

necessarily excludes from constitutional recognition de minimis uses of physical force provided

that the use of force is not of a sort 'repugnant to the conscience of mankind.'") (citations

---

[3]This Court has found even certain actual injuries to be insufficient to support an Eighth
Amendment excessive force claim: a scratch on plaintiff's side from a correctional officer
pushing, shoving, and hitting plaintiff in an effort to force him to comply with an order to pick
up his hoe and get back to work, Walker v. Thames, No.Civ.A. 97-1104-RV-L, 2001 WL
394911, *6 (S.D. Ala. March 30, 2001); scratches on plaintiff's elbow, bump, and one-half inch
skin tear behind the ear, abrasion on the shoulder, and jaw pain from correctional officer pushing
plaintiff into a glass window while taking him to a holding cell, Lanier v. Fralick, No.Civ.A. 98-
0923-AH-L, 2000 WL 1844679, *1-2 (S.D. Ala. Oct. 24, 2000); and a blow to the forehead with
a baton, resulting in no bruising or swelling, Clark v. Johnson, No.Civ.A. 97-00538-AH-L, 2000
WL 1568337, *18-19 (S.D. Ala. Oct. 11, 2000).   Further, other circuits have also held certain
actual injuries insufficient to support an Eighth Amendment claim.  See DeWalt v. Carter, 224
F.3d 607, 620 (7th Cir. 2000) (bruises on a prisoner's back from being shoved into a door frame);
White v. Matti, No. 02-2761, 2002 WL 31887792, *2 (7th Cir. Dec. 18, 2002) (unpublished)
(lacerations, bruises, cuts, and swelling as a result of a guard hitting plaintiff's hand with a
plastic box when plaintiff reached through a trap in the door of his cell); Outlaw v. Newkirk, 259
F.3d 833, 839-40 (7th Cir. 2001) (pain, swelling, and bruising from a guard closing a cuffport
door on a prisoner's hand); Markiewicz v. Washington, No. 97-3589, 175 F.3d 1020, *1 (7th Cir.
March 25, 1999) (unpublished) (a bruised shoulder from being shoved into a wall); Siglar v.
Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting three days); Schoka v.
Swinney, No. 94-16733, 53 F.3d 340, *1 (9th Cir. April 28, 1995) (unpublished) (a 1.5 inch
scratch on the back of the hand from handcuffs); Lunsford v. Bennett, 17 F.3d 1574, 1582 (7th
Cir. 1994) (daily headaches, not requiring treatment, from being hit with a water bucket); and
Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (a sore and swollen thumb from being hit
with keys).  Of course, in the present action, plaintiff has alleged no injury at all.  (Doc.1).

omitted).  As plaintiff has alleged no injury, plaintiff has therefore failed to state a claim under the Eighth Amendment for cruel and unusual punishment.  See id. at 9, 112 S.Ct. at 1000.  ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.") (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied sub nom. John v. Johnson, 414 U.S. 1033, 94 S. Ct. 462, 38 L. Ed. 2d 324 (1973)); Harris v. Chapman, 97 F.3d 499, 505 (11th Cir.) (finding that de minimis use of force does not violate the Constitution), cert. denied, 520 U. S. 1257, 117 S. Ct. 2422, 138 L. Ed. 2d 185 (1997); Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir.) (holding that evidence beyond a minimal injury must be produced to sustain an Eighth Amendment claim), cert. denied, 498 U.S. 1103, 111 S. Ct. 1003, 112 L. Ed. 2d 1085 (1991).   It is the opinion of the Court that no relief could be granted under any set of facts based on the allegations in plaintiff's complaint.  Accordingly, plaintiff's Eighth Amendment claim is due to be dismissed.

**IV. Conclusion.**

        Based upon the foregoing, it is recommended that this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because plaintiff's claim fails to state a claim upon which relief may be granted.

        The attached sheet contains important information regarding objections to this recommendation.

        DONE this 29th day of November, 2005.

                                /s/ Kristi K. DuBose
                                **KRISTI K. DUBOSE**
                                **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                        **KRISTI K. DUBOSE
                        UNITED STATES MAGISTRATE JUDGE**